UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SEAN J. MACE,<br><br>            Plaintiff,<br><br>      v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>            Defendants. | Case No.  15-cv-04060-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[ECF No. 18] |

## INTRODUCTION

This is a premises-liability suit against the federal government. The defendant United States, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, moves to dismiss the plaintiff's third claim for want of subject-matter jurisdiction. (ECF No. 18.)[1] The United States argues that the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80, does not waive the federal government's sovereign immunity to the claim in question. All parties have consented to magistrate jurisdiction. (ECF Nos. 7, 13.) Because this motion can be decided without oral argument, the court vacates the hearing that is set for January 7, 2016. *See* Civil L.R. 7-1(b). The court grants the defendant's motion and dismisses the plaintiff's third claim with prejudice.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of documents.

ORDER - 15-cv-04060-LB

**STATEMENT**

Plaintiff Sean Mace claims that, while he was "reading and napping" in a grove of trees in the San Francisco Maritime National Historic Park, a large and heavy seed pod (the species of tree in question can have seed pods weighing as much as 40 pounds) fell from above and struck him in the head, causing serious injuries. (Compl. – ECF No. 1 at 1, 4-5 [¶¶ 1, 15-26].) He brought this suit against the governmental entities that run the Park: the United States; the Department of the Interior; the National Park Service; and the San Francisco Maritime National Historic Park itself. (ECF No. 1.) He later dismissed all these defendants with prejudice except the United States. (ECF No. 9.) There is no dispute that the United States owns the Park property.

\* \* \*

**ANALYSIS**

The plaintiff's third claim — the only one relevant here — is for "dangerous condition of public property" under California Government Code § 835. (ECF No. 1 at 9-11 [¶¶ 49-62].) The United States moves to dismiss that claim for lack of subject-matter jurisdiction under Rule 12(b)(1). More specifically, the United States contends that it enjoys sovereign immunity to the § 835 claim. The FTCA, the United States says, waives the federal government's sovereign immunity and thus subjects it to suit in a variety of tort cases — but only "if a private person" could be liable on the given theory. Under § 835, only *public* entities can be liable. The plaintiff's dangerous-condition claim thus falls outside the immunity waiver of the FTCA and this court has no power to entertain that claim. For the reasons given below, the court agrees with the United States.

\* \* \*

**1. Rule 12(b)(1)**

The United States here brings a "facial" rather than a "factual" Rule 12(b)(1) challenge. A district court in this circuit recently explained the difference:

> [A] party invoking Rule 12(b)(1) to challenge subject matter jurisdiction may bring a "factual" attack, one that relies on evidence outside the pleadings and requires the court to resolve factual disputes. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). In a "facial" jurisdictional attack, by contrast, "the

ORDER - 15-cv-04060-LB

2

challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.*

*Weidenhamer v. Expedia, Inc.*, 2015 WL 1292978, *3 (W.D. Wash. Mar. 23, 2015) The United States argues that the complaint's allegations do not support federal subject-matter jurisdiction; the government does not invoke material outside the complaint to make that argument. Its motion is thus a facial Rule 12(b)(1) challenge. The factual allegations of the complaint are accordingly presumed to be true. *See, e.g., Savage v. Glendale Union High Sch. Dist. No. 205, Maricopa Cnty.*, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003).

\* \* \*

## 2. The Federal Tort Claims Act — Waiving sovereign immunity

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). This is the doctrine of sovereign immunity. The Ninth Circuit has explained: "Before we may exercise jurisdiction over any suit against the government, we must have a 'clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.'" *Jachetta*, 653 F.3d at 903 (quoting in part *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)).

The plaintiff finds jurisdiction in the FTCA. (ECF No. 1 at 3 [¶ 9].) The FTCA indeed waives the federal government's sovereign immunity to a variety of tort claims, and "authorizes private tort actions against the United States," *Jachetta*, 653 F.3d at 904, but only "under circumstances where the United States, *if a private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b) (emphasis added). As another part of the FTCA puts it, the United States can "be liable" in tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The Ninth Circuit has thus held that, under the FTCA, "the United States must be treated as a private person . . . , even if a different rule would apply to California governmental entities." *Ravell v. United States*, 22 F.3d 960, 961 (9th Cir. 1994) (premises liability); *see, e.g., Simpson v. United States*, 652 F.2d 831, 832-33 (9th Cir. 1981) (premises liability) ("Since California Civil Code § 846

ORDER - 15-cv-04060-LB

3

1  doubtless applies to private persons, it must, therefore, also apply in the same way to the United
2  States.").

\* \* \*

### 3. Section 835 of the California Government Code

Both expressly and inherently, by definition, § 835 reaches only public entities. The statute provides that (on certain conditions not material here), "a *public entity* is liable for injury caused by a dangerous condition of its property." Cal. Gov't Code § 835 (emphasis added). The statute makes no provision for the liability of private actors. *See id.*

\* \* \*

### 4. Case law supports dismissal

The arc of this analysis is now clear: The FTCA waives the government's sovereign immunity only for claims on which a private person could be liable. *Ravell*, 22 F.3d at 961; *Simpson*, 652 F.2d at 833. But only public entities can be liable under § 835. Private actors cannot. The FTCA thus does not waive sovereign immunity to the plaintiff's § 835 dangerous-condition claim against the United States. The court consequently lacks jurisdiction to hear that claim.

The court in *United States v. Montrose Chem. Corp. of Cal.*, 788 F. Supp. 1485 (E.D. Cal. 1992), reached the same conclusion. In *Montrose Chemical*, the United States sued several defendants "to recover natural[-]resource damages and [environmental] response costs" for damage that the defendants had allegedly done to several natural spaces in California. *Id.* at 1489-90. The defendants counterclaimed, arguing that the United States had itself damaged the areas in question; their counterclaims were brought partly on a "dangerous condition" theory under § 835. *See id.* at 1490-92. The United States moved to dismiss this claim for want of subject-matter jurisdiction, making the same argument that it makes here. It pointed out "that under the F.T.C.A., the United States can only be held liable to the extent that a private person could . . . ." *Id.* at 1491. The government's argument continued: "[S]ince . . . § 835 provides for liability of the *State* for maintaining a dangerous condition on public property, it cannot be the basis of an action against a private person, and thus it cannot be the basis for an action against the United States under the F.T.C.A." *Id.* at 1492 (emphasis in original). The court found "merit" in this analysis. *Id.* It agreed

ORDER - 15-cv-04060-LB

4

that it lacked subject-matter jurisdiction over the § 835 claim and so dismissed that claim under Rule 12(b)(1). *Id.*

The operative aspects of *Montrose Chemical* are identical to those presented here; this court believes that the same result must follow. Other premises-liability cases, though differing from this suit in particulars, cement that conclusion by following the same FTCA rule to the same basic result. These cases all involve "recreational use" statutes that shield private landowners from tort claims brought by plaintiffs who had been injured on their properties. The courts in all these cases held that, though the federal government is obviously a public entity, under the FTCA the United States must nonetheless be given the same statutory defenses as private landowners. In every such case the respective court invoked the FTCA to dismiss premises-liability claims.

For example, in *Hannon v. United States*, 801 F. Supp. 323 (E.D. Cal. 1992), the court held that, under the FTCA, the United States must be afforded the same defense to liability as a private person would under California's "recreational use" statute (Cal. Civ. Code § 846) — even if, as the plaintiff claimed, that statute did not protect public entities. *Id.* at 325-26. The defensive statute undeniably did cover private entities, consequently shielded the United States "in the same manner" through the FTCA, and thus warranted summary judgment against the plaintiff's claim. *Id.* (discussing *Simpson, supra*).

The same effective result obtained in *Proud v. United States*, 723 F.2d 705 (9th Cir. 1984). The plaintiff in *Proud* was injured while diving in a national park in Hawaii. *Id.* at 705-06. Like California, Hawaii had a "recreational use" statute that shielded landowners from the sorts of claims that the *Proud* plaintiff made; Hawaii's version of this statute, however, expressly withheld its protection from publicly owned land. *Id.* at 706. The Ninth Circuit held that this did not matter given the FTCA; the United States had to be treated like a private entity and so could invoke the protective statute. *Id.* at 706-07. The *Proud* court affirmed a Rule 12(b)(6) dismissal of the complaint. *Id.*

The Ninth Circuit's decision in *Ravell* is for all relevant purposes identical. *See* 22 F.3d at 961-63 (affirming summary judgment for defendant).

Some of these cases analyzed and dismissed premises-liability claims against the United States under Rule 12(b)(6) (*Proud*) or Rule 56 (*Hannon*; *Ravell*). The FTCA analysis resolves equally well, though, if not better, through the jurisdictional lens of Rule 12(b)(1). The root principle beneath the FTCA is, after all, sovereign immunity; so that, if a given claim does not "fall[] within the terms of the [FTCA's] waiver," the court lacks subject-matter jurisdiction over that claim. *Jachetta*, 653 F.3d at 903; *see Montrose Chemical*, 788 F. Supp. at 1490-92.

The plaintiff responds that "several California federal district courts have acknowledged the viability of a cause of action for 'dangerous condition of public property' [pleaded] against federal public entities under the FTCA." (ECF No. 21 at 3.) He cites the following cases to support this assertion: *McAllister v. United States*, 2013 WL 2551990 (N.D. Cal. June 10, 2013); *Jones v. United States*, 2011 WL 2143903 (E.D. Cal. May 31, 2011); *Muchhala v. United States*, 532 F. Supp. 2d 1215 (E.D. Cal. 2007); and *McAsey v. United States Dept. of the Navy*, 2001 WL 1246620 (N.D. Cal. Aug. 20, 2001). (ECF No. 22 at 4.) The plaintiff's portrayal of these decisions, if admirable as plucky advocacy, is nevertheless inaccurate. None of these cases raises, much less decides, the jurisdictional FTCA question that is presented here. These cases do not impact this analysis and they certainly do not overcome the "same extent as a private individual" rule deriving from the FTCA's plain text (*see* 28 U.S.C. §§ 1346(b), 2674), and recognized both in the Ninth Circuit's decisions in *Ravell* and *Simpson*, or in the lucidly reasoned *Montrose Chemical*.

\* \* \*

**CONCLUSION**

The court grants the United States' Rule 12(b)(1) motion to dismiss the plaintiff's third claim for want of subject-matter jurisdiction. The nature of this analysis — the effect of the FTCA on the plaintiff's dangerous-condition claim — rules out the possibility that the plaintiff could cure the jurisdictional defect by amending his claim. This dismissal is therefore with prejudice. *See, e.g., Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998) (dismissals without leave to amend are proper if "it is clear . . . that the complaint could not be saved by any amendment").

This disposes of ECF No. 18.

**IT IS SO ORDERED.**

Dated: December 15, 2015

LAUREL BEELER
United States Magistrate Judge